UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

Nick Sapienza,

Plaintiff,

V.                                                              Civil Action No.

WHDH-TV, INC.,

Defendant.

COMPLAINT

JURY TRIAL DEMANDED

Nick Sapienza, by and through his attorney Rosa Lee Klaneski, Esq., for his Complaint against WHDH-TV, INC. alleges, on knowledge as to his own actions, and otherwise upon information and belief, as follows:

PARTIES

1.      Plaintiff Nick Sapienza ("Plaintiff") is an individual. Plaintiff's address is 1 Riverview Boulevard, #8-101, Methuen, MA 01844.

2.      Upon information and belief, Defendant WHDH-TV, Inc. ("Defendant") is and has been a business entity with its principal place of business at 7 Bulfinch Place, Government Center, Boston, Massachusetts.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207(a)(1), 29 U.S.C. § 216(b), and 29 U.S.C. § 254(b).

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## STATEMENT OF FACTS

5.      On or about April 28, 2024, Plaintiff checked out of a hotel at noon for an 8:55 p.m. flight that was booked by Defendant.

6.      Plaintiff did not book the flight himself.

7.      Plaintiff was paid for 8 hours of work on April 28, 2024.

8.      Plaintiff is owed 4 hours of overtime wages for work on April 28, 2024 because he was forced to leave his hotel at noon and was then forced to remain on the job for longer than planned.

9. On or about May 1, 2024, Plaintiff went to the airport at a time agreed upon with management, which was earlier than normal due to customs and a Carnet.

10. Plaintiff went to the airport at 6am on May 1, 2024.

11. After clearing customs on May 1, 2024, Plaintiff's flight was cancelled and rebooked for nine hours later.

12. Plaintiff and management decided that Plaintiff would stay in the terminal because the paperwork was already signed.

13. Plaintiff continued to check in with the desk and was able to secure an earlier flight, which saved an hour and a layover.

14. Plaintiff boarded the plane after about eight hours in the terminal on May 1, 2024.

15. Plaintiff's timesheet indicated May 1, 2024 he worked from 6am until 12:30 am the following day accounting for 18.5 hours of overtime.

16. Plaintiff was paid for 8 hours of work for May 1, 2024.

17. After numerous emails and requests, Plaintiff received 8 hours of overtime pay for May 1, 2024 in January 2026.

18. On or about May 3, 2024, Plaintiff boarded a plane to Canada on time, sat on the plane for three hours, and then deboarded.

19. After about 90 minutes in the terminal on May 3, 2024, Plaintiff reboarded and flew home.

20.    Plaintiff was paid for 8 hours of work on May 3, 2024.

21.    Plaintiff believes he is owed 4 hours of overtime for May 3, 2024.

22.    Defendant booked the flights for Plaintiff's travel on the dates referenced above.

23.    Plaintiff sought overtime adjustments for the above-referenced dates through emails and requests to Defendant.

## CAUSES OF ACTION

### COUNT ONE:  Violation of 29 U.S.C. § 207(a)(1)

24.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

25.    Defendant is an employer subject to the Fair Labor Standards Act, and Plaintiff is an employee within the meaning of the Act. Plaintiff worked in excess of forty hours in a workweek and in excess of eight hours in a workday, but Defendant failed to compensate Plaintiff at a rate not less than one and one-half times the regular rate for all hours worked over forty in a workweek or over eight in a workday, as required by 29 U.S.C. § 207(a)(1).

26.    By reason of the foregoing, Defendant is liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### COUNT TWO: Violation of 29 U.S.C. § 254(b)

27.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

28. Plaintiff performed work and activities that are compensable under the Fair Labor Standards Act and not subject to any exemption or relief from liability under 29 U.S.C. § 254(b). Defendant failed to pay Plaintiff for all hours worked, including overtime, and is not entitled to relief from liability or punishment for failure to pay minimum wage or overtime compensation under the Act.

29. Plaintiff lacks an adequate remedy at law for Defendant's failure to pay all wages and overtime due, and seeks all available equitable and legal relief.

30. By reason of the foregoing, Plaintiff seeks all available relief, including but not limited to unpaid wages, overtime compensation, liquidated damages, and such other relief as the Court deems just and proper.

**COUNT THREE: Violation of 29 U.S.C. § 216(b)**

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

32. Defendant's failure to pay Plaintiff overtime compensation as required by the Fair Labor Standards Act constitutes a violation of 29 U.S.C. § 216(b), entitling Plaintiff to recover unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

33. By reason of the foregoing, Defendant is liable to Plaintiff for all unpaid overtime compensation, liquidated damages, attorneys' fees, and costs, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nick Sapienza respectfully requests that this Court:

1.      On Count One, award Plaintiff Nick Sapienza judgment against WHDH-TV Inc. for all unpaid overtime compensation due under 29 U.S.C. § 207(a)(1), in an amount to be determined at trial, but including at least four hours of overtime for April 28, 2024 and May 3, 2024, plus interest, attorneys' fees, and costs as provided by law.

2.      On Count Two, declare that Plaintiff Nick Sapienza performed compensable work under the Fair Labor Standards Act for which WHDH-TV Inc. is not entitled to relief from liability or punishment under 29 U.S.C. § 254(b), and award Plaintiff all unpaid wages, overtime compensation, liquidated damages, and such other equitable and legal relief as the Court deems just and proper.

3.      On Count Three, award Plaintiff Nick Sapienza judgment against WHDH-TV Inc. for all unpaid overtime compensation, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), in an amount to be determined at trial.

4.      Award Plaintiff Nick Sapienza prejudgment and post-judgment interest as permitted by law.

5.      Grant Plaintiff Nick Sapienza such other and further relief as the Court deems just and proper.

Dated: July 7, 2026

Respectfully submitted,

Plaintiff Nick Sapienza

By his attorney,

_/s/_Rosa Lee Klaneski__

Rosa Lee Klaneski, Esq.
BBO# 715341
1380 Main Street, Ste. 410
Springfield, MA 01103
413-200-7399
rk@klaneskilaw.com